1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   UNITED STATES OF AMERICA, | No.  1:08-cr-00280-DAD |
| 12                    Plaintiff, | |
| 13         v. | ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE |
| 14   JORGE ARTEAGA-SOTELO, | PURSUANT TO 18 U.S.C. § 3582(C) |
| 15                    Defendant. | (Doc. No. 123) |

16

17        On January 20, 2016, defendant Jorge Arteaga-Sotelo filed a motion under 18 U.S.C. §

18   3582(c)(2), seeking a reduction in his sentence based upon Amendment 782 to the United States

19   Sentencing Guidelines (U.S.S.G.).  That amendment revised the Drug Quantity Table in U.S.S.G.

20   § 2D1.1 and reduced by two levels the offense level applicable to many federal drug trafficking

21   offenses.  (Doc. No. 123.)  The government has opposed the motion on the grounds that on

22   defendant's offense of conviction he was sentenced to the 120-month mandatory minimum

23   sentence and that the court is therefore without authority to reduce the sentence.  (Doc. No. 126.)[1]

24   /////

25

26   [1]  On January 25, 2016, the court granted the Federal Defender's Office ninety days to
supplement defendant's pro se motion or to notify the court that it did not intend to file a
27   supplement.  (Doc. No. 124.)  Three days thereafter, the Federal Defender's Office filed notice
with the court that no supplement to the motion would be filed on defendant's behalf.  (Doc. No.
28   125.)

1

1   The court agrees and will therefore deny defendant's motion for a reduction of sentence pursuant

2   to 18 U.S.C. § 3582(c).

3        Section 3582(c)(2) authorizes district courts to modify a previously imposed sentence "in

4   the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing

5   range that has subsequently been lowered by the Sentencing Commission." *United States v.*

6   *Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission

7   promulgated Amendment 782 to the U.S.S.G., which generally revised the Drug Quantity Table

8   and chemical quantity tables across drug and chemical types.  The Commission also voted to

9   make Amendment 782 retroactively applicable to previously sentenced defendants.  However,

10  "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement

11  and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in

12  subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

13  U.S.S.G. § 1B1.10 (a)(2)(B).  A district court's authority to modify a sentenced is constrained by

14  the Sentencing Commission.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).

15       In this case, the final presentence report ("PSR") recommended that the sentencing court

16  find defendant's base offense level to be level 36 based on the amount of controlled substances

17  involved (931.6 grams of actual methamphetamine, 226.8 grams of cocaine, and 12,886

18  marijuana plants all equating to 19,965.96 kilograms of marijuana utilizing the marijuana

19  equivalency table), and to reduce the offense level by three levels due to the defendant's

20  acceptance of responsibility, resulting in a total adjusted offense level of 33.  (PSR, at 9–11.)

21  Based upon the 2008 Guidelines Manual then in effect, at a criminal history category of I, the

22  advisory sentencing guidelines called for a sentence of imprisonment of  135 to 168 months.  (*Id.*

23  at 15.)  The PSR recommended imposition of a sentence of 121 months as a downward variance.

24  (*Id*.)  Defendant's offense of conviction carried a mandatory minimum 120-month term of

25  imprisonment.  (*Id*. at 18.)  The PSR noted that the plea agreement provided that defendant would

26  only be held accountable for the 931.6 grams of actual methamphetamine seized from his vehicle,

27  but regardless of whether the court followed the plea agreement of the parties as to the quantity of

28  /////

1   drugs involved, or the probation officer's analysis, the defendant's base offense level under the

2   advisory guidelines would still be a level 36.  (*Id*. at 14–15.)

3           On September 21, 2009, the court sentenced defendant to a 120-month term of

4   imprisonment for conspiracy to manufacture and distribute marijuana and to distribute

5   methamphetamine and cocaine under 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 846, as charged in

6   count one of the indictment.  (Doc. No. 83, at 1–2.)  In its statement of reasons, the court adopted

7   the presentence investigation report and noted that the statutory mandatory minimum sentence

8   had been imposed.

9           Thus, even after the adoption of Amendment 782, the applicable sentencing range has not

10  been lowered in defendant's case since he was originally sentenced to the statutory minimum

11  mandatory term of imprisonment.  Because defendant's sentencing range has not been lowered by

12  the amendment, defendant is not entitled to a reduction in his sentence pursuant to 18 U.S.C. §

13  3582(c).  As the Ninth Circuit has observed under similar circumstances:

14              When [defendant] was sentenced, the presentence report established
                a guideline range of fifty-seven to seventy-one months.  The district
15              court sentenced [defendant] to the statutorily required minimum of
                sixty months.  Thus, [defendant] was not sentenced pursuant to a
16              sentencing range which has subsequently been lowered; he was
                sentenced pursuant to the statutorily required minimum, which was
17              not affected by the change in the marijuana equivalency tables.
                Therefore, the district court had no authority to reduce
18              [defendant's] sentence under § 3582(c)(2).

19  *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996).  *See also United States v. Leniear*,

20  574 F.3d 668, 673-74 (9th Cir. 2009) ("[A] reduction in the defendant's term of imprisonment . . .

21  is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant

22  but the amendment does not have the effect of lowering the defendant's applicable guideline

23  range [.]").

24  /////

25  /////

26  /////

27  /////

28  /////

1      For the reasons set forth above:

2      1.) Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582 (Doc.

3        No. 123) is denied; and

4      2.) The Clerk of the Court is directed to close this case.

5  IT IS SO ORDERED.

6  Dated:   **May 31, 2016**

7                         UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28